T.C. Summary Opinion 2003-40

UNITED STATES TAX COURT

CAROLYN POLLARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5980-01S.            Filed April 22, 2003.

Carolyn Pollard, pro se.

Katherine Lee Kosar and Dennis G. Driscoll, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1997 a deficiency in petitioner's Federal income tax of $7,781. The issue for decision is whether petitioner's receipt of a prepayment credit for what she called the "Black Tax" credit created a deficiency in her income tax for the year.

## Background

The stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioner resided in Cleveland, Ohio, at the time her petition was filed in this case.

Petitioner filed a 1997 Form 1040, U.S. Individual Income Tax Return, as head of household showing taxable income and tax of $0. She claimed credits for Federal withholding tax payments of $408.25, an earned income credit of $3,210, and unspecified "Other payments" on page 2, line 59 of $8,041. She claimed a refund of $11,659 based upon the claimed tax payments.

Attached to her return was a Form 2439, Notice to Shareholder of Undistributed Long-Term Capital Gains, naming "(Black TAX)" in the space provided for the name of the regulated investment company (RIC) or real estate investment trust (REIT). No RIC or REIT identification number was listed in the appropriate box. Petitioner listed her name and address in the box provided for the "shareholder's" name and address. She indicated on the Form 2439 total undistributed long-term capital gains of $43,204 and claimed tax paid on the gains by the RIC or

REIT of $8,041.  This was the same amount claimed as "Other payments" on page 2, line 59 of her Form 1040.  The Form 1040, while claiming the tax paid credits on Form 2439, failed to report as income the undistributed long-term capital gains of $43,204 she had shown on the Form 2439.  On May 11, 1998, respondent issued petitioner a refund check in the amount of $10,659.25.[1]

Petitioner at the call of the case for trial admitted that she now knows that there is no so-called "Black Tax" credit.

## Discussion

Petitioner did not raise an issue concerning the recovery of an erroneous refund in a deficiency proceeding.  See Wilkins v. Commissioner, 120 T.C. 109 n.5 (2003).  The only issue petitioner addressed at trial was the possibility that the Court would allow her to pay less than the amount respondent determined is due.

Petitioner claimed on her return total tax payments of $11,659.  In the notice of deficiency, respondent determined that she did not make $7,781 of the claimed payments.  Petitioner acknowledges that she is not entitled to claimed payments of $7,781.  She argues, however, that claiming payments that she did not make was only "halfway" her fault because the Internal

---

[1]Prior to the issuance of the refund petitioner was notified that due to an incorrect Social Security number for a qualifying child her earned income credit was reduced.  In the notice of deficiency, petitioner's earned income credit was increased by $260.

Revenue Service (IRS) should have "told me that there was no such [Black] tax" credit.

There is no requirement for the IRS to advise citizens of every scam and con devised by those seeking to avoid the lawful payment of Federal income taxes. The list of such scams and cons is limited only by the imagination of the con artist. The argument petitioner raises is tantamount to a claim of estoppel, a claim that was rejected by the Court on facts similar to those in this case. See Wilkins v. Commissioner, supra.

Taxpayers bear the responsibility for paying the correct amount of tax and, especially, to verify any scheme that seems too good to be true. Petitioner has failed to provide the Court with a factual or legal basis to reduce respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be
entered for respondent.